1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER REID,

11            Petitioner,                    No. CIV S-09-3400 GEB GGH P

12        vs.

13   JOHN W. HAVILAND, Warden,[1]            FINDINGS AND RECOMMENDATIONS

14            Respondent.

15   _____/

16   Introduction

17            Petitioner, a state prisoner proceeding with appointed counsel, has filed a petition

18   pursuant to 28 U.S.C. § 2254.  Petitioner, following his plea, was sentenced in 1998 to a term of

19   fifteen-years-to-life for attempted murder with a deadly weapon.  Petition, pp. 1, 10.  Petitioner

20   herein challenges the decision by the Board of Parole Hearings denying parole at a 2007

21   subsequent parole consideration hearing.  Id. at 1, 88.  Pending before the court is respondent's

22   February 16, 2010, motion to dismiss the petition as barred by the statute of limitations.

23   \\\\\

24   \\\\\

25   _____

26        [1] The court has corrected the caption to reflect that respondent's middle initial is "W."
     and not "D."

                                                1

1  Motion to Dismiss

2          As noted, respondent moves for dismissal of this action contending that the

3  petition is untimely under AEDPA.

4          The statute of limitations for federal habeas corpus petitions is set forth in 28

5  U.S.C. § 2244(d)(1):

6      A 1-year period of limitation shall apply to an application for a writ
       of habeas corpus by a person in custody pursuant to the judgment
7      of a State court.  The limitation period shall run from the latest of

8      (A) the date on which the judgment became final by the conclusion
       of direct review or the expiration of the time for seeking such
9      review;

10     (B) the date on which the impediment to filing an application
       created by State action in violation of the Constitution or laws of
11     the United States is removed, if the applicant was prevented from
       filing by such State action;
12
       (C) the date on which the constitutional right asserted was initially
13     recognized by the Supreme Court, if the right has been newly
       recognized by the Supreme Court and made retroactively
14     applicable to cases on collateral review; or

15     (D) the date on which the factual predicate of the claim or claims
       presented could have been discovered through the exercise of due
16     diligence.

17         The statute of limitations for habeas petitions challenging parole suitability

18  hearings is based on § 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim or

19  claims could have been discovered through the exercise of due diligence.  Redd v. McGrath, 343

20  F.3d 1077 (9th Cir. 2003).  At the time the Ninth Circuit decided Redd, suitability decisions

21  could be administratively appealed.  Id. at 1084.  In Redd, the Ninth Circuit held that the factual

22  basis of the petitioner's claims challenging a parole suitability hearing could have been

23  discovered through the exercise of due diligence when the Board denied the administrative

24  appeal.  Id.

25         Since Redd, the administrative review process for parole suitability hearings has

26  been eliminated.   According to the transcript from the May 31, 2007, subsequent parole

2

1   consideration hearing, the decision finding petitioner unsuitable was to become final on

2   September 28, 2007.  Motion to Dismiss (MTD), Exhibit (Ex.) 1, Document 11-1, p. 86.

3   Accordingly, petitioner had one year from September 28, 2007, to file a timely federal petition.

4   The instant action, filed, by very liberal application of the mailbox rule, on October 21, 2009,[2] is

5   not timely unless petitioner is entitled to statutory or equitable tolling.

6          Respondent argues that the statute of limitations ran from the date of the hearing,

7   i.e., May 31, 2007, rather than from the date it became final on September 28, 2007, because

8   petitioner was present at the parole hearing and therefore was aware of the factual predicate for

9   his federal habeas claims.  MTD, p. 2.  This argument, however, is not persuasive because "[t]he

10  challenge to the Board's decision must be viewed as a whole and not based on certain factual

11  events therein."  Faatiliga v. Hartley, CIV S-09-2039 LJO DLB P, 2010 WL 728552 at *3 (E.D.

12  Cal. March 1, 2010).

13          Under the rationale of Redd, petitioner could not have known the
            factual predicate of his claim unless and until the decision becomes
14          final.  See Redd v. McGrath, 343 F.3d at 1084 (statute of
            limitations begins to run when administrative decision becomes
15          final); see also Banks v. Kramer, 2009 WL 256449 *1 (E.D.Cal.
            2009); Tidwell v. Marshall, 620 F.Supp.2d 1098, 2009 WL
16          1537960 (C.D.Cal. 2009); Feliciano v. Curry, 2009 WL 691220
            (N.D.Cal. 2009); Ramirez-Salgado v. Scribner, 2009 WL 211117
17          (S.D.Cal. 2009).

18  Faatiliga, supra, 2010 WL 728552 at *3.[3]

19

---

20      [2] A prisoner's federal habeas petition should be considered filed at the time he gave it to
    prison authorities, pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385
21  (1988); Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003), citing Saffold v. Newland,
    250 F.3d 1262, 1268 (9th Cir.), vacated and remanded on other grounds by Carey v. Saffold, 536
22  U.S. 214, 122 S. Ct. 393 (2002).   Although the date of filing in the court's docket is Dec. 7,
    2007, because the date the petition is signed could be the filing date of the habeas petition,
23  Jenkins v. Johnson, supra, at 1149  n. 2, the court will apply that date to the filing.  Respondent
    also does not contest that the date of petitioner's signature can be used as the filing date.  MTD,
24  p. 2.

25      [3]  The March 1, 2010, findings and recommendations in Faatiliga v. Hartley, CIV S-09-
    2039 LJO DLB P, 2010 WL 728552, were adopted by order filed on April 21. 2010.  CIV S-09-
26  2039, Docket # 15.

1          Under AEDPA, the period of limitation is tolled while a "properly filed"

2  application for state post-conviction or other collateral review is pending. 28 U.S.C. §

3  2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the

4  petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the

5  statute of limitations in the intervals between a lower court decision and the filing of a petition in

6  a higher court during one complete round of appellate review ("interval tolling").  See Evans v.

7  Chavis, 546 U.S. 189, 193-194, 198, 126 S.Ct. 846 (2006).

8          The Supreme Court has explained that in order for a state habeas petition to be

9  "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be

10  in compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S.

11  408, 413-14, 125 S.Ct. 1807 (2005).  "[T]ime limits, no matter their form, are 'filing'

12  conditions." Pace v. DiGuglielmo, 544 U.S. at 417, 125 S.Ct. at 1814.  "When a post-conviction

13  petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."

14  Id. at 414, 125 S.Ct. at 1812.  Under such circumstances, the petitioner is not entitled to statutory

15  tolling.  Id. at 417, 125 S.Ct. at 1814.

16          Petitioner filed his initial state court habeas petition on September 3, 2008,[4] in El

17  Dorado County Superior Court, which was denied on October 10, 2008.  MTD, p. 3, citing

18  [Document 11-1] Exs. 1 and 2.  Petitioner's habeas application was then filed in the Third

19  District Court of Appeal on December 11, 2008, and denied on Dec. 30, 2008.  Id., citing

20  [Document 11-2] Exs. 3 and 4.  Petitioner filed his California Supreme Court petition on March

21  10, 2009, which was denied on July 29, 2009.  Id., citing [Document 11-3] Exs. 5 and 6.  The

22  instant federal petition was filed on October 21, 2009.

23          By respondent's calculation, which the court has found to be misconceived in

24  finding the statute ran from May 31, 2007, petitioner's time for filing his federal habeas petition

---

26        [4] The mailbox rule is applied to these filings as well.

1    ran from June 1, 2007, and was filed in this court 508 days late.  The court, for the sake of clarity,

2    will, however, chart the correctly applicable timelines:

3                   Parole Decision final – September 28, 2007

4                   *341 days after AEDPA statute of limitations began to run:*
                    El Dorado Cty. Sup. Ct. petition--filed on September 3, 2008
5                   Sup. Ct. petition — denied on Oct. 10, 2008

6                   3rd DCA petition — filed on Dec. 11, 2008
                    Ct. of Appeal petition— denied on Denied Dec. 30, 2008
7
                    Cal. Supreme Ct. petition— filed on March 10, 2009
8                   Cal. Supreme Ct. denial— July 29, 2009

9                   Instant federal petition—  filed on Oct. 21, 2009.

10              Thus, the court agrees with petitioner, not respondent, as to when the running of

11   the statute of limitations commenced running.  See Opposition.[5]  However, respondent is correct

12   in pointing out an alternative to his principal argument for untimeliness.  See Reply, p. 2.  After

13   receiving the July 29, 2009, state supreme court denial, petitioner had only 24 days to file a

14   federal petition timely (365 days minus 341 days), or until Aug. 22, 2009.  Even if petitioner is

15   granted full interval tolling for the two-month gaps between state court filings, the instant

16   petition, filed on October 21, 2009, almost exactly two months beyond the August 22, 2009 date

17   of the running of the statute of limitations, is untimely.

18              The Supreme Court has recently held "like all 11 Courts of Appeals that have

19   considered the question...that § 2244(d) is subject to equitable tolling in appropriate cases."

20   Holland v. Florida, ___ S. Ct.___ 2010 WL 2346549 *9 (June 14, 2010).  In Calderon v. U.S.

21   District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (the Ninth Circuit case cited in

22   Holland, supra), overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d

23   530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398

24   (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if

25

26          [5] Petitioner's May 19, 2010, opposition was belatedly filed after the court issued a show
     cause order in May 10, 2010, why the motion, unopposed at that point, should not be granted.

extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time.   "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814 (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule." Id.

Petitioner evidently perceived no need to make any argument for equitable tolling. Therefore, he has not met his burden or provided any basis for the court to consider such a question.  Respondent's motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 16, 2010 (docket # 11), motion to dismiss the petition as barred by the statute of limitations be granted and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:   07/20/2010

4                                                              /s/ Gregory G. Hollows
                                                          _____
5                                                          GREGORY G. HOLLOWS
                                                          UNITED STATES MAGISTRATE JUDGE
6

7
     GGH:009
8    reid3400.mtd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7